# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BAR J SAND AND GRAVEL, INC.,

    Plaintiff,

vs.                                                                                                                                                                 No. CIV 05-800  JB/WPL

WESTERN MOBILE NEW MEXICO, INC.,
LAFARGE NORTH AMERICA, INC., and
LAFARGE SOUTHWEST, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff Bar J's Motion and Memorandum Brief to Strike Unauthorized Filing ("Motion to Strike"), filed September 22, 2005 (Doc. 30). The primary issue is whether the Court should strike an article from the magazine "For the Defense" that the Defendants sent the Court after the Court heard Bar J's motion to remand. Because the Court found the article thoughtful and helpful, the Court will deny the motion to strike.

## PROCEDURAL BACKGROUND

On September 22, 2005, the Defendants filed a "Notice of Filing," which attached to it an article from the September 2005 issue of "For the Defense," which the Defense Research Institute publishes. The publication refers to itself as "The Voice of the Defense Bar."

The article that the Defendants submitted was written by David L. Hanselman, Jr., a partner with the Chicago firm of McDermott Will & Emery LLP, and titled "Supreme Court Expands Federal Removal Jurisdiction." The article analyzed the Supreme Court of the United States' recent decision in <u>Grable & Sons Metal Products v. Darue Engineering & Manufacturing</u>, 125 S. Ct. 2363 (2005).

See David L. Hanselman, *Supreme Court Federal Removal Jurisdiction*, For the Defense, September 2005, at 25 ("Article"). In particular, Hanselman examined how Grable makes it easier to remove a state law claim based on federal question jurisdiction. See id. at 65.

On September 22, 2005, Bar J filed its Motion to Strike the article. On September 26, 2005, the Defendants filed their Response to Plaintiff's Motion to Strike Filing, filed September 26, 2005 (Doc. 31).

## **ANALYSIS**

Bar J contends that the notice of filing is an unauthorized additional brief. See Motion to Strike at 1. Bar J argues that, in effect, the article is a surreply, for which the Defendants did not seek leave of court to file. See id. Bar J also objects to the "clearly partisan" nature of the article. See id.

The Defendants suggest that the article relates to the remand issue now pending before the Court. See Response to Plaintiff's Motion to Strike Filing at 1. The Defendants also point out that the Court may disregard the article if it chooses and that Bar J may submit its own authority on the subject. See id.

Both the publication and the article are clearly partisan. As Bar J correctly notes, defense lawyers are more likely to favor removal given that only defendants can remove to federal court. See 28 U.S.C. § 1441. Also, the article itself clearly starts with the presumption that Grable made it easier for defendants to remove state law claims. See generally Article.

If the Court, however, were to adopt a bright line test barring parties from submitting "partisan" material, then no documents would ever be filed in federal court. The nature of the adversarial system in this country presumes that parties are partisans of their cause, not neutral

observers with no interest at stake in the outcome of litigation.

Furthermore, the article itself is not so overly partisan that it is not useful to the Court. While it has a bias favoring removal, the Court finds it helpful in understanding <u>Grable</u>'s impact. If Bar J believed that the article did not treat the issue fairly, then it could have submitted its own article on the topic. Finally, no rule of law compels the Court to rely on the article. The Court will thus consider it in making its determination on Bar J's motion to remand.

**IT IS ORDERED** that Plaintiff's Motion and Memorandum Brief to Strike Unauthorized Filing is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Douglas A. Baker
Joe C. Diaz
Arthur D. Melendres
Zachary L. McCormick
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

　　*Attorneys for the Plaintiff*

Rex D. Throckmorton
Henry M. Bohnhoff
Susan Barger Fox
Chris Lee
Rodey, Dickason, Sloan, Akin & Robb,
Albuquerque, New Mexico

　　*Attorneys for the Defendants*